Nov. Term,
1836.

ELLIOTT
v.
COGGSHALL.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the plaintiff to amend his replication, &c.

*J. B. Ray*, for the appellants.

*J. Morrison, W. Quarles, C. Fletcher*, and *O. Butler*, for the appellee.

---

ELLIOTT v. COGGSHALL.

In assumpsit for goods sold and delivered, a general plea of fraud is good even on special demurrer.

Saturday,
January 14,
1837.

APPEAL from the *Wayne* Circuit Court.

DEWEY, J.—Assumpsit for goods sold and delivered. Pleas, general issue, and "fraud, covin, misrepresentation, and deceit." Demurrer to the latter, assigning for cause, 1st, that it amounts to the general issue; 2dly, that it does not allege the particulars of the fraud. Demurrer sustained; jury trial on the general issue; and final judgment for the plaintiff. The defendant appeals.

The only question presented for our consideration is,—whether the plea alleging fraud in the general terms above stated, is good in form as well as substance?

In the case of *Pence et al.* v. *Smock*, 2 Blackf. 315, this Court decided that such a plea was valid in debt on specialty. In the subsequent case of *Huston* v. *Williams*, 3 Blackf. 170, a similar plea was sustained so far as to let in proof of fraud in the execution of a writing obligatory; but an opinion was ex-

Nov. Term, 1836.

ELLIOTT
v.
COGGSHALL.

pressed that a plea of fraud, whether in general or special terms, implicating the consideration of a specialty could not, independently of our statute, constitute a defence at law. As, however, that question was not in that case, and is not in this, the point directly before the Court, and as good authorities conflict on the subject, we express no opinion in relation to it on this occasion.

That fraud in the consideration of a simple contract is a good legal defence, we believe has never been seriously doubted: that it is, the case last referred to has established; but it still remains to be settled whether it may be alleged in the general terms of the plea in this record. In the case of *Huston v. Williams*, the plea was sustained on the ground, that under it the same evidence was admissible, that might have been given under *non est factum*. The analogy arising from that decision is in favour of the validity of the plea of fraud in general terms, in actions on simple contracts; for under the general issue in those actions, fraud, as well as almost every other matter, which may be the subject of a special plea, can be given in evidence. A plaintiff, therefore, who declares upon a simple contract, must come into Court prepared to show, not only that he has a good cause of action *prima facie*, but also to rebut every thing which implicates its validity *ab initio*, or which tends to prove its discharge, satisfaction, or release. He cannot complain that a plea *per fraudem* generally, takes him by surprise. In truth, it narrows the ground of controversy to a single subject, with the particulars of which, in a large majority of instances, he is as well acquainted as his adversary.

*Chitty* says—"A general plea that a deed was obtained by the plaintiff by fraud and misrepresentation is good." 1 Ch. Pl. 5 Ed. 570. It cannot be said, that in thus speaking of such a plea, he meant to apply the remark to those general pleas of fraud designed only to question the execution of the instrument. The reason which he assigns, (in the words of Lord *Ellenborough*, in the case of *Hill* v. *Montagu*, 2 M. & S. 378,) forbids such a construction of his language. Reference to that case will show, that he designed to lay down a rule of pleading in all cases of fraud. The action in that case was founded upon a specialty; the defendant pleaded usury in general terms; upon special demurrer the plea was held to be bad. Ld.

Nov. Term,
1836.

ELLIOTT
v.
COGGSHALL.

*Ellenborough* remarked—"Usury is not like fraud and covin, which usually consist of a multiplicity of circumstances, and therefore it might be inconvenient to require them to be particularly set forth." In making this remark, the judge's attention was directed, not to the execution of an instrument, but to its consideration. *Chitty* also cites *Tresham's* case, 9 Co. 110. It is possible, that case does not quite support the unqualified proposition laid down by *Chitty*, but it shows conclusively that he had reference to pleas extending the alleged fraud beyond the mere execution of a deed; for the fraud—which was averred in the replication—had nothing to do with the execution of an instrument. It consisted in not causing certain recognisances, which had been paid and satisfied, to be cancelled, and in setting them up as outstanding debts against the estate of an intestate. But whatever may have been the manner of pleading fraud in *England* in the time of *Coke*, it is certain that *Chitty* is fortified in his position, not only by the opinion of Lord *Ellenborough*, but by later authorities in that country.

In the case of *Waldo* v. *Martin* in covenant, in addition to *non est factum*, and pleas setting forth illegality of the consideration, was a plea "that the indenture in the declaration mentioned, was obtained and procured from the defendant by fraud, covin, and deceit of plaintiff." Issue was taken upon this plea without objection, and a jury trial had. 4 B. & C. 319. *D'Aranda* v. *Houston et al.*, reported in 6 Carr. & Payne, 511, was a case of debt on a bond. Pleas—*non est factum*, and "fraud, covin, and misrepresentation." Issues, and jury trial. As in both these cases *non est factum* was pleaded, it cannot be inferred that the pleas of fraud were designed to try the same issue. Indeed, it is shown that in the latter case, evidence was given to the jury touching the consideration of the bond. In *Kentucky*, the general plea of fraud has been held to be good, upon demurrer, in actions both upon simple contract and deed. 1 J. J. Marsh. 106.—2 Dana's Rep. 161.

We lay no stress upon the authorities quoted in their applicability to specialties, as their bearing in that respect is not the matter which we are considering. But as to the propriety of a general plea of fraud, impeaching the consideration of a simple contract, they seem to be conclusive. Indeed, without their aid, we have no difficulty in pronouncing such a plea

good, inasmuch as fraud constitutes a legal defence under the general issue, and the effect of the plea is only to limit the ground of contention between the parties, as before observed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to the plaintiff to withdraw his demurrer and reply, &c.

J. *Rariden* and J. S. *Newman*, for the appellant,

M. M. *Ray*, for the appellee.