*C. H. Test,* for the plaintiff.

*J. S. Newman,* for the defendant.

---

## COHEE *v.* COOPER.

A plea of usury must aver that the agreement was corruptly made.

A plea to a suit on a promissory note, that the note was given on a fraudulent and usurious consideration, is good on general demurrer.

In such suit, fraud and usury may be given in evidence under the general issue.

A judgment for the plaintiff in a suit tried on the general issue, will not be reversed merely because a demurrer to a special plea was erroneously sustained, if the matter specially pleaded was admissible evidence under the general issue.

ERROR to the *Carroll* Circuit Court.

*Tuesday,
June 23.*

PERKINS, J.—Assumpsit by the assignee against the maker of promissory notes. The declaration contains two counts each describing a note, and which are alike except in the manner of alleging the assignment. There are four pleas: 1. The general issue; 2. A plea to the first count, which states that before the making of the note therein declared on, to wit, &c., the defendant made his certain other note in writing promising to pay the plaintiff, twelve months after date, two hundred and fifty dollars; that afterwards, the defendant took up that note and gave for it the note sued on for three hundred dollars; that the said first note for two hundred and fifty dollars, with interest at six *per cent. per annum,* did not amount, at the time of making the said second note, to three hundred dollars; and that the said second note, the one sued on, was given for the first and for no other consideration whatever; wherefore he says it is usurious and void. The fourth plea is like the second, and is only to the second count.

May Term,
1846.

These special pleas were demurred to and the demurrers correctly sustained. To constitute a good plea of usury, it must contain the averment that the alleged usurious agreement was corruptly made. 3 Chitt. Pl. 966, and notes. These pleas contain no such averment, and are therefore bad. They are also otherwise defective. The third plea is to both counts, and avers that the plaintiff ought not to maintain his action, "because he (the defendant) says that said notes in said declaration mentioned were given upon a fraudulent and usurious consideration." To this plea there was a general demurrer, which was also sustained, and final judgment given by the Court, on trial upon the general issue, for the amount of the note, interest, and costs.

The Court erred in sustaining this demurrer. The plea demurred to is objectionable for duplicity, and for that cause subject to special demurrer; but on general demurrer, a general plea of fraud or usury is good. 4 Blackf. 238. This is substantially, though very informally, such a plea. But this error of the Court will not reverse the case. Fraud and usury may be given in evidence under the general issue, and as that plea was filed it must, according to the case of *Shanklin* v. *Cooper*, at the present term, be presumed they were so given as far as they existed.

*Per Curiam.*—The judgment is affirmed with costs.

*H. P. Biddle*, for the plaintiff.

*D. D. Pratt*, for the defendant.