## HILDRETH *v.* TOMLINSON.

A general allegation of fraud, in a plea to an action on a promissory note, is sufficient.

A decision of the territorial supreme court will not be overruled unless palpably erroneous.

### *Error to Jackson District Court.*

*Opinion by* GREENE, J. An action of assumpsit on a promissory note against the maker, Joseph E. Hildreth. Pleas, general issue, and one charging in general terms that the "note was obtained by fraud, covin, circumvention, and misrepresentation." A trial was had upon the general issue and a judgment rendered for the plaintiff. To the plea of fraud the plaintiff demurred; the demurrer was sustained, and the decision of the court thereon, is now assigned as error. But one question is presented in the case for adjudication. Are general allegations of fraud sufficient, in a plea to an action on a promissory note?

Our statute provides that if any fraud or circumvention

Hildreth v. Tomlinson.

be used in obtaining the making or execution of any promissory note, it may be pleaded in bar to any action thereon. *Rev. Stat.* p. 453, § 6. Under this statute it was decided by our territorial supreme court, in 1846, in the case of *Hampton* v. *Pearce*, Morris 489, that a general plea of fraud to an action on a promissory note is good. Since that decision, a general averment of fraud in obtaining a note from the maker has been deemed sufficient, until the present case arose in the court below. And even now under the authorities and able arguments submitted to our consideration, we think no sufficient reason is presented for abrogating a practice which has generally obtained in our state since *Hampton* v. *Pearce*, and which was fully sanctioned in the decision of that case. To justify us in overruling a deliberate judgment of the supreme court whether made before or since our state organization, the decision must appear to be palpably erroneous. But *Hampton* v. *Pearce* does not appear to us repugnant to any well recognized principle of law, or rule of practice. A general plea that a deed was obtained by fraud is recognised as good by Chitty's Cr. Pl. 8 Am. Ed. p. 537. And to a plea of release he says, on p. 582, the plaintiff might reply "that it was obtained by *duress* or *fraud*, and it was then considered to be unnecessary and injudicious to state the particulars of the fraud." If such general allegations of fraud may be urged in the case of a deed, why may they not be equally applicable in the case of a note? and if good in a replication to a plea of release why not equally good in a plea to a declaration on a note? Obviously, the same reasoning which will justify the one must apply with equal force in support of the other.

By many courts it has been decided that fraud in obtaining a promissory note, or to impeach the consideration of a simple contract may be given in evidence under the general issue. *Brewer* v. *Harris*, 2 Smede & Marsh. 84; *Loffland* v. *Russell*, Wright 438; *Armstrong* v. *Hall*, Coxe N. J. 178; *Elliott* v. *Cogshall*, 4 Blackf. 240. That fraud constitutes a legal defense under the general issue,

45

in a proceeding like the present, appears to be well supported by authority. Under such a practice it must be admitted fallacious, to require specific averments of the facts, circumstances and character of the fraud. The general plea of fraud is of itself an important limitation to the field of controversy, which would otherwise be open between the parties under the general issue. It is difficult for us to understand how, under such circumstances the general plea of *per fraudum* can work surprise upon the plaintiff as payer of the note. It narrows the controversy to a special point with which the payer of the note cannot but be familiar, for it is confined to fraud or circumvention averred to have been used in obtaining the execution of the instrument sued upon. The plea in effect acknowledges the making of the note, but seeks to avoid it by showing that it was obtained in a transaction which would invalidate its enforcement, because it was fraudulent.

Respectable authorities, it is true, have been adduced in this case to show that a general plea of fraud is bad, and that the circumstances constituting the fraud should be specified. But most of those authorities are not applicable to promissory notes, nor could the decisions have been made upon statutes strictly analogous to ours; and while some of them may be regarded as in conflict with our decision in this case, we are still encouraged by good authorities to re-affirm the doctrine of *Hampton* v. *Pearce.*

In *Pence* v. *Smock,* 2 Blackf. 315, and in *Huston* v. *Williams,* 3 ib. 170, general pleas of fraud to actions on bonds were held to be good, and in *Elliott* v. *Cogshall,* 4 Blackf. 239, the propriety of a general plea of fraud impeaching the consideration of a simple contract was, in a well considered and able opinion, held to be conclusive.

The same doctrine is entertained in Kentucky, not only in actions upon simple contract, but also upon deeds. 1 J. J. Marsh 106; 2 Dana 161. So in *Remberton* v. *Staples,* 6 Mis. 59.

Under the foregoing reasons and authorities we conclude that a general plea of fraud, to an action on simple contract is good.

Judgment reversed.

*T. S. Wilson* and *P. Smith*, for plaintiff in error.

*L. Clark* and *B. F. Spurr*, for defendant.