## STARR *v.* LAWS and Another.

Usury may be given in evidence under the general issue.

*A.* being indebted to *B.* for the balance of a note then due, and desiring an extension of credit, went with *B.* to *C.*, to whom *B.* then sold the note at a discount of 10 per cent., upon an agreement that a credit of a year was to be extended to *A.* upon the note. *A.*, at the same time, to indemnify *B.*, executed to *B.* a note, in form of a due bill, for the amount of the discount upon the first note. *Held,* that the latter note was void, as being given entirely upon a usurious consideration.

*Thursday,
June 2.*

ERROR to the *Union* Circuit Court.

    STUART, J.—Debt by *Starr* against *Laws* and another, on a note for 73 dollars. Plea, the general issue. Trial by the Court, and finding and judgment for the defendant.

    It seems that *Starr* held a note of 1000 dollars against *Laws*, on which there were 730 dollars still unpaid and on interest. Being unable to pay the note at maturity, *Laws* went with *Starr* to one *Snyder*; to whom the note was sold at a "shave," as the parties called it, of 10 per cent. By this arrangement *Snyder* was to have an extension of the time of payment one year, and stand the "shave" to which *Starr* had submitted in the sale of the note. To make up the 10 per cent. to *Starr*, the note now in suit was given, and being in form a due bill, it drew interest from date.

    It is settled that usury may be given in evidence under

the general issue. *Cohee* v. *Cooper*, 8 Blackf. 115. The only question raised is, whether this note is usurious. On that point there seems no room for doubt. The whole consideration of the one note was usurious interest reserved for forbearance on the other. The note for 730 dollars was drawing 6 per cent. interest; the note now sued on was composed entirely of the additional 10 per cent. for the forbearance of one year on the large note. Besides, the note in suit was itself bearing interest from date. The interest thus reserved, directly and indirectly, for the forbearance on the large note, was over 16 per cent. The taint of usury going to the entire contract, so far as the note in suit is concerned, it cannot be enforced.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. W. Parker,* for the plaintiff.

*J. S. Reid* and *J. Yaryan,* for the defendants.