NIKODEM SLIZEWSKI and Another, Respondents, *v.* JOHN KOZAKA, Appellant.

Fourth Department, March 18, 1925.

**Usury — action under General Business Law, § 372, to recover usurious payment — burden on plaintiff to show that money was paid and received as usury — evidence that shortly after loan by defendant to plaintiff, plaintiff handed defendant $200 does not establish usury — usury is not shown by fact that defendant later refused to return money on ground that it was consideration for loan.**

In an action under section 372 of the General Business Law to recover a usurious payment, the burden is on the plaintiff to establish that the money was paid by him and received by the defendant as a usurious consideration for a loan.

Usury was not shown in this action by evidence that the defendant loaned money to the plaintiff to whom he gave the full amount of the loan, and that after the transaction had been closed and the security for the loan executed and delivered, the plaintiff, at the request of the defendant, handed the defendant $200, for there is no evidence of a corrupt intent on the plaintiff's part in paying the money to the defendant, which is shown by the fact that the plaintiff shortly thereafter asked the defendant to return the money. Nor was usury established by evidence that the defendant refused to return the money on the ground that it was given to him as consideration for the loan, since the plaintiff did not acquiesce in the reason for the failure of the defendant to return the money.

APPEAL by the defendant, John Kozaka, from a judgment of the Oneida County Court in favor of the plaintiffs, entered in the office of the clerk of said county on the 20th day of June, 1922, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of June, 1922, denying the defendant's motion for a new trial made upon the minutes.

*Adrian S. Malsan,* for the appellant.

*George M. Speaker,* for the respondents.

PER CURIAM:

The complaint is based upon an alleged cause of action to recover a usurious payment under section 372 of the General Business Law. Usury involves a corrupt intent on the part of both lender and borrower. (*Morton* v. *Thurber,* 85 N. Y. 550; *Salvin* v. *Myles Realty Co.,* 227 id. 51.)

The burden was on the plaintiff to establish both that the money was taken by the defendant and paid by himself as a usurious consideration for the loan.

The evidence shows that after the full amount of the loan had been paid to the plaintiff by the defendant (except only a sum retained by the lender to take up a prior mortgage) and after the

parties had left the office where the mortgage had been delivered and the money paid over, the plaintiff at the request of the defendant handed to him the sum of $200. The evidence fails to show, however, any corrupt intent on the plaintiff's part in transferring this sum to the defendant. He certainly did not consider that he was making a payment of interest or giving a bonus. Probably he intended it as a temporary loan or accommodation to the defendant. The plaintiff promptly thereafter asked the defendant to return the money and only some time later was told by the defendant that he was keeping the money because he had made the plaintiff the mortgage loan. In this the plaintiff did not acquiesce. The general question of the liability of the defendant to the plaintiff for the $200 is not before us. We have to do merely with the narrow question as to whether the payment was usurious. Clearly it was not.

The dismissal of the complaint without prejudice will not prevent the plaintiff's bringing an action under some other theory for the recovery of the money.

All concur. Present — HUBBS, P. J., CLARK, DAVIS, SEARS and TAYLOR, JJ.

Judgment and order reversed on the law and complaint dismissed, with costs, without prejudice.