BROCE *v.* MASTER LOAN SERVICE INCORPORATED.

No. 7294. July 31, 1930.

*Ezra E. Phillips,* for plaintiff.

*Carmain & Fielding,* for defendant.

RUSSELL, C. J.   The plaintiff applied for and obtained from the defendant, a corporation licensed and engaged in the business of making small loans on personal property in sums of $300 and less, a loan of $75, executing in connection therewith a note and bill of sale.   The bill of sale conveyed title to a piano and bench and a phonograph.   Plaintiff was to repay the loan in fifteen monthly payments of $5 each, due on the first of each month after date, with interest at the rate of 3½ per cent. per month on the unpaid balances of principal.   When twelve monthly payments had been made, he declined to make any further payments, and demanded cancellation of the debt and bill of sale, upon the ground that the lender had violated the contract in that he had charged and collected interest on all months as containing thirty days, whereas there were a considerable number of months containing thirty-one days, thus causing in some months the collection of a larger sum of interest than the contract or law allowed.   Plaintiff alleged further "that defendant has violated the terms and provisions of said act, by charging petitioner interest for fractional parts of a month, there being no provision anywhere made in said act for interest charges for fractional parts of a month, or for extra days said loans may run over a calendar month, and petitioner shows that a reference to the schedule of payments herein set out will show that defendant charged and collected from petitioner interest for periods of one, two, three, and ten days, when and where petitioner made payments one, two, three, and ten days after expiration of one calendar month between payments."   The plaintiff prayed that the defendant be required to produce for cancellation said bill of sale, that the same be decreed void, that defendant be enjoined from transferring said bill of sale or note or changing the status thereof; and for general relief.   On the hearing the court passed an order dismissing the petition on general demurrer, and the plaintiff excepted.

Section 13 of the so-called small-loan act (Ga. L. 1920, p. 215) is as follows: "Every person, copartnership, and corporation licensed hereunder may loan any sum of money not exceeding in amount the sum of three hundred dollars ($300), and may charge,

contract for, and receive thereon interest at a rate not to exceed three and one half (3 1/2) per centum per month. Interest shall not be payable in advance or compounded, and shall be computed on unpaid balances.   In addition to the interest herein provided for, no further or other charge, or amount whatsoever for any examination, service, brokerage, commission, or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except the lawful fees, if any, actually and necessarily paid out by the licensee to any public officer for filing or recording in any public office any instrument securing the loan, which fees may be collected when the loan is made or at any time thereafter.   If interest or charges in excess of those permitted by this act shall be charged, contracted for, or received, the contract of loan shall be null and void, and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever.   No person shall owe any licensee, as such, at any time more than three hundred dollars ($300) for principal."   This provision renders void any security taken to secure notes evidencing debts created under the said act. The plaintiff seeks to avoid the balance of $15 of the principal of $65, upon the ground that he has been charged an excess of interest on his past-due notes not paid at maturity.   There is no contention that any interest was reserved at the time the loan was made. The notes taken only amounted to $75, divided into fifteen notes of $5 each.   Had the borrower paid each note at its maturity, he would have paid only 3-1/2 per cent. per month on each note—one month on the first, two months on the second, etc.; and the question now before us would not have arisen.   The act provides for collection of accrued interest upon past-due payments, as well as for the return of interest by the lender should a note be paid before maturity, which is a provision not usual in loans.

We think that the trial judge correctly held that the contract had not been avoided, and that petitioner was not entitled to have the remainder of his debt canceled.   The purpose of the act was to provide some protection for the large class of shiftless as well as unfortunate people who, either through extravagant living or dire misfortune, fell easy prey to what are denominated loan-sharks, who in purchasing wages were lending money at exorbitant rates, the rates where salary assignments had been renewed running in some instances as high as 200 per cent. per annum.   To remedy

this situation in some measure at least, the legislature made a classification of lenders restricted to the amount of $300, secured by wage and salary assignments, and permitted them, upon payment of a license of $100 per year, to charge 3 1/2 per cent. per month instead of being restricted to 8% per annum. This provision admits of the rate of 42 per cent. interest per annum; but in spite of this rate, it is far better than any other means by which a large class of people are enabled to borrow money. The expectation is that the rate will be gradually reduced, as has been the case in some States, to as low as 2 per cent. per month at least. It must be borne in mind that the act contemplates the great risk assumed by lenders under it, and recognizes the fact that but for the rate allowed no lenders for this class of borrowers could be found, since a large portion of the loans are never repaid. We refer to this aspect of the case, not because there is any doubt of the constitutionality of the act, which is but an instance of the power vested in the General Assembly to make a classification among loans and lenders, but because it is important to determine what would be such a violation of the contract as would avoid the debt and security. The question here is whether counting a year as 360 days evidences an attempt to secure greater interest than is allowed by law. We think it does not. Naturally a year embraces 365 days. Practically it does not matter that the lender, to conveniently calculate the few cents that may have accrued on a small-loan installment of, say, $2.50 or $5, treats a year as having 360 days or 365 days.

*Judgment affirmed. All the Justices concur.*