23450. UNITED PURCHASING COMPANY INC. *v.* SOUTHER.

JENKINS, P. J. An individual, operating under a trade name, was engaged in the business of buying salaries in a city, after having properly obtained a license therefor, issued to him individually under such trade name, and after having given bond and made oath as prescribed by law.

Thereafter, together with another, he organized a corporation bearing the same trade name, but with the word "Inc." thereafter. The corporation applied to the city for a license, and, after paying the required fee, obtained a license to do business under such corporate name. It also offered to give the bond for the corporation in accordance with law; but, acting in good faith under the advice of the city license inspector that a new bond from the corporation was not necessary, since the individual had previously given bond, the corporation proceeded to do business under its new license, relying upon the old bond. While thus operating, it made the purchase of the salary which forms the basis of the present suit. The defendant, relying on the decisions of this court in *McLamb* v. *Phillips*, 34 *Ga. App.* 210 (129 S. E. 570), and *Pratt* v. *Sloan*, 41 *Ga. App.* 150 (152 S. E. 275), contends that both the principal and interest of the money thus advanced became forfeited by reason of the license being defective because a new bond was not given prior to obtaining the license. *Held:*

1. Under section 3463 of the Civil Code (1910), "if any licensee under this article shall violate any of the provisions of this article . . the license under which said business is conducted shall become ipso facto void." Accordingly, since the city would not be bound by the advice of its license inspector to the effect that the old bond given under the trade name would be sufficient to authorize the license to the corporation subsequently created under a similar name, but since under the statute it was the duty of the corporation to give the bond prescribed by the act in order to obtain a valid license, in default of such being done the license under which the business was conducted became ipso facto void.

2. Section 3462 of the Civil Code, regulating the buying of salaries, provides that if any person or corporation shall engage in the business of making loans or purchasing salaries without first obtaining a license for carrying on such business, or shall continue to conduct such business after forfeiture of the license, such person or corporation *shall forfeit the license and all interest charged* on the loan. The ruling in the *McLamb* case, supra, was to the effect that the penalty prescribed by section 3462 could not be taken to abrogate the general law rendering such a prohibited contract unenforceable, so as to limit the penalty to a mere forfeiture of the license and the interest where it appeared, as in that case, that no license whatsoever had been applied for or obtained. As was said in that case, this section necessarily relates to persons who have applied for and obtained a license, since "it would be absurd to say that a person, firm, or corporation having no license at all should 'forfeit the license and all interest charged on the loan.'" Consequently, the instant case, in which a license was duly applied for and regularly issued, differs from the *McLamb* case, and the provisions of section 3462 become applicable, with the result that the lender, by reason of the license being ineffective, must "forfeit the license and all interest," but not the principal.

*Judgment reversed. Stephens and Sutton, JJ., concur.*

Decided April 19, 1934.

*Feagin & Feagin, Bloodworth & Bloodworth,* for plaintiff.
*E. F. Goodrum,* for defendant.