23612. STEMBRIDGE *et al. v.* FAMILY FINANCE COMPANY.

JENKINS, P. J. 1. The small-loan act of August 17, 1920 (Ga. L. 1920, pp. 215-222; Park's Code Supp. 1922, §§ 1770 (a)-(s) ), authorizing the lending of money in sums of $300 or less, secured or unsecured, at a rate of interest not exceeding 3½ per cent. a month, upon compliance with the provisions of that act, regulates the manner and conditions of giving bond and obtaining a license from the State, so far as concerns the business of making loans of $300 or less when secured by a bill of sale or lien on household goods, to the exclusion of the requirements of the act of 1904 embodied in the Civil Code (1910), §§ 3446-3465, governing the business of making loans on the security of wages or salaries or buying wages or salaries. Accordingly, where the business in the instant case related to a note for less than $300, secured by a bill of sale of household goods, and the plaintiff lender complied with the act of 1920 as to the bond and license required, it was not necessary to show an additional compliance with the act of 1904 governing loans on wages or salaries. In this suit upon the note, the judgment for the plaintiff was not contrary to law because of the lack of such additional compliance. See *Tollison* v. *George,* 153 *Ga.* 612, 614 (112 S. E. 896) ; *McLamb* v. *Phillips,* 34 *Ga. App.* 210, 213 (129 S. E. 570) ; *Lanier* v. *Consolidated Loan Co.,* 47 *Ga. App.* 148, 150 (170 S. E. 99) ; *United Purchasing Co.* v. *Souther,* 49 *Ga. App.* 131 (174 S. E. 367).

2. The fact that the defendants in certain paragraphs of their answer pleaded a noncompliance by the plaintiff with the requirements of the loan-business act of 1904 as to bond and license, that the plaintiff at the trial term of the court specially demurred to this defense, and that the trial judge in his final judgment overruled this demurrer, but in the

same judgment overruled the defendants' motion for a nonsuit and entered judgment in favor of the plaintiff for the full amount sued for, would not preclude the plaintiff from insisting that the defense pleaded was without merit, or permit the defendants to insist that under the ruling on the demurrer it is the law of the case that the defense was good, and that the plaintiff was not entitled by reason thereof to a judgment; since the demurrer, not having been filed until the trial term, was too late, and the judgment will be taken as merely overruling the demurrer because of its belated filing. See Civil Code, § 5630; *Ford* v. *Fargason*, 120 *Ga.* 708 (48 S. E. 180); *McElmurray* v. *Blodgett*, 120 *Ga.* 9 (3), 15 (47 S. E. 531); *Farkas* v. *Monk*, 119 *Ga.* 515 (46 S. E. 670); *Bank of Norwood* v. *Chapman*, 19 *Ga. App.* 709 (92 S. E. 225).

3. Under the rule announced by the Supreme Court in *Broce* v. *Master Loan Service Incorporated*, 171 *Ga.* 22, 25 (154 S. E. 324), the judge, sitting without a jury, did not err in permitting a computation of interest under the small-loan act of 1920 upon the basis of twelve uniform months of thirty days each. In *Jobson* v. *Masters*, 32 *Ga. App.* 60, 63-65 (122 S. E. 721), it appears that the lender did not in fact adhere to the thirty-day month in calculating interest, but charged interest for days additional to the actual calendar months in the periods intervening between the different payments on the loan. Moreover, in the instant case it appears from a mathematical calculation of the interest due according to the strict calendar-month rule, as compared with the rule held legal in the *Broce* case and followed by the plaintiff lender, that the plaintiff actually collected from the defendants total interest amounting to approximately two cents less than would have been collectible under a strict adherence to the calendar-month rule.

4. Upon the contention that an excessive amount was charged because, at the time of one payment, interest was calculated as of January 15th, instead of January 1st, which the defendants claimed was the date of the payment, the evidence authorized a finding by the judge, sitting without a jury, that the later date was the actual time of the payment, and that there was therefore no excessive charge.

5. The plaintiff, collecting interest in accordance with the rule in the *Broce* case, supra, was not precluded from collecting, as it did, interest for fractional parts of months on unpaid balances of principal, covering the period intervening between the day of previous payment and the day the payment was made. To hold otherwise would be to require that monthly payments could be made only on their date of maturity, and thus would deprive both debtor and creditor of the convenience of making and receiving payments on a date prior to maturity (interest being calculated only to the date of payment), and would deprive the creditor of any fractional month's interest when the debtor failed to make a payment until after the date of maturity.

6. The plaintiff having strictly complied with the law permitting and governing the making of loans such as the obligation sued on, the court did not err in entering judgment in its favor for the amount sued for.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

Decided July 19, 1934.

*Duke Davis, Crim & Harrison,* for plaintiffs in error.
*Howell, Heyman & Bolding,* contra.