## FIGG *v.* NICHOLES ET AL.

[No. 15,250. Filed March 9, 1936.]

*Charles M. Fortune*, for appellant.

*Beasley, Aikman, O'Brien & Beasley*, and *Jerdie D. Lewis*, for appellees.

KIME, P. J.—This was a suit brought by the appellant against the appellees, doing business under the firm name Public Loan Company, to cancel a note and mortgage, executed by appellant, and have such instruments declared null and void for the reason that appellees had collected thereon an unlawful rate of interest, in that they had computed the interest on thirty-day months instead of calendar month. To an amended complaint in one paragraph the appellees demurred for the reason that the complaint did not state facts sufficient to constitute a cause of action. The demurrer

was sustained and appellant refused to plead further and judgment was rendered that the appellant take nothing by his action and that the appellees recover their costs. Following the overruling of a motion for new trial this appeal was perfected. The errors assigned are that the court erred in sustaining the demurrer to the amended complaint and in overruling the plaintiff's motion for a new trial, which motion contained the grounds that the decision of the court was not sustained by sufficient evidence and that it was contrary to law.

The only proper assignment necessary to be discussed is the one relative to the demurrer, which we hold the court did not err in sustaining. Both appellant and appellees agree that the only question here concerns the construction of the small loan act of 1917, ch. 125, page 401, being §18-3001 Burns 1933, §10465, Baldwin's 1934, and as amended prior to the bringing of this action. Upon authority of *Cotton* v. *Commonwealth* (1934), 206 Ind. 626, 190 N. E. 853, we hold that there was no error in sustaining the demurrer to the complaint.

The question as to whether or not the amendment of the above act in 1933 is retrospective as respects this transaction is unnecessary to a decision here.

Finding no reversible error, the judgment of the Vigo Superior Court is in all things affirmed.