JOHN A. SWISTAK and Another, Plaintiffs, *v.* PERSONAL FINANCE COMPANY, Defendant.

Supreme Court, Special Term, Kings County, September 14, 1940.

*Louis Brass*, for the plaintiffs.

*Livingston & Livingston* [*Sylvia Livingston* of counsel], for the defendant.

MAY, J. In this action, plaintiffs, borrowers from defendant, a licensed lender under the provisions of article 9 of the Banking Law, seek cancellation of their promissory note and chattel mortgage securing same, plus a refund of their payments of principal and interest, claiming that defendant's interest charges have been excessive and illegal. The facts in the case are conceded.

Section 352 of the Banking Law fixes the chargeable interest rates at "not exceeding three per centum per month on any part of the unpaid principal balance of the loan not in excess of one hundred and fifty dollars and two and one-half per centum per month on any remainder of the unpaid principal balance of the loan," and furthermore, as a penalty for excess charges, deprives a lender of the right to collect principal or interest.

. Plaintiffs assert that defendant's charges of interest are based on a thirty-day month or three hundred and sixty-day year and that such method of charging interest has long been held usurious. (*New York Firemen Ins. Co.* v. *Ely & Parsons*, [1824] 2 Cow. 678; *Bank of Utica* v. *Wager*, [1824] Id. 712; affd., [1826] 8 id. 398; *Utica Ins. Co.* v. *Tilman*, [1828] 1 Wend. 555.)

However, a study of the statute as well as the facts in this case does not support plaintiffs' conclusions and, in addition, demonstrate that the above-quoted cases are inapplicable to the present issue.

Section 352 fixes a monthly, not an annual rate. It says the charge may be three per cent or two and one-half per cent, as the case may be, " per month." What is a month and what month is meant? Section 31 of the General Construction Law says that " unless otherwise provided * * * the term month means a calendar month and not a lunar month." Therefore, the loan having been made on the eleventh day of December, a payment on the eleventh day of each month thereafter would constitute a payment of one month after the previous payment, whether the number of days elapsing was twenty-eight, twenty-nine, thirty or thirty-one.

The difficulty arises where payments are made, not on the corresponding day in a succeeding month, but several days earlier or later. We are then faced with a computation of a fraction of a month for interest purposes. Thus, five days may be figured as five-twenty-eighths, five-twenty-ninths, five-thirtieths or five-thirty-firsts of a month, depending on the number of days in the particular month. This would result in a different interest charge for the

same length of time. A payment made on March thirteenth instead of March eleventh, one month and two days after February eleventh, could be computed as follows: (a) One and two-twenty-ninths months, there being twenty-nine days between February eleventh and March eleventh. (b) One and two-thirty-firsts months, there being thirty-one days in March. The latter method is urged by plaintiffs as the proper one.

However, the Legislature did not prescribe any particular method and section 352 seems to be based on the theory that all payments would be made promptly when due. Such legislative oversight may be excusable, as " The law-makers cannot always foresee all the possible applications of the general language they use; and it frequently becomes the duty of the courts in construing statutes to limit their operation, so that they shall not produce absurd, unjust or inconvenient results not contemplated or intended." (*Lake Shore & M. S. Ry. Co.* v. *Roach*, 80 N. Y. 339, 344.)

Defendant has submitted charts and computations showing various methods of determining fractions of a month. All said methods appear to arrive at substantially the same results. There are variances at times, but in the main the ultimate differences seem slight and certainly do not justify an accusation of usury or illegality for the use of said methods.

Defendant uses the so-called " Meilicke " system, which consists of computing fractions on the basis of a thirty-day month; but, as distinguished from the old cases cited at the outset of this opinion, does not charge interest for the thirty-first day of any month, so that actually interest is charged only for 360 days in a year.

Accordingly, there is no duplication of interest. To hold that the use of this method is an illegal act resulting in forfeiture of the loan, in the absence of a method of computation prescribed by the Legislature, would be to arrive at " absurd, unjust or inconvenient results not contemplated or intended."

Furthermore, this same method has already been the subject of considerable judicial interpretation and has been sustained as legal. (*Cotton* v. *Commonwealth Loan Co.*, [1934] 206 Ind. 626; 190 N. E. 853; *Figg* v. *Nicholes*, [1936] 101 Ind. App. 706; 200 N. E. 431; *Broce* v. *Master Loan Service*, [1930] 171 Ga. 22; 154 S. E. 324; *Stembridge* v. *Family Finance Co.*, [1934] 49 Ga. App. 353; 175 S. E. 663; *Giacopetti* v. *Personal Finance Co.*, [unreported] Municipal Court of Philadelphia [1935].)

Defendant's motion for summary judgment is granted.