RALPH HENNESSEY, Plaintiff, *v.* PERSONAL FINANCE COMPANY OF NEW YORK, Defendant.

RALPH HENNESSEY, Plaintiff, *v.* DOMESTIC FINANCE CORPORATION, Defendant.

Supreme Court, Onondaga County, April 8, 1941.

*Charles R. Rinaldo*, for the plaintiff.

*David M. Hayman* and *George R. Fearon*, for the defendant Personal Finance Company of New York.

*H. Duane Bruce*, for the defendant Domestic Finance Corporation.

ERNEST I. EDGCOMB, Official Referee. The defendant in each of the above-entitled actions is a licensed lender, authorized to do business under article IX of the Banking Law. Each corporation loaned the plaintiff $250, the indebtedness being evidenced by a note signed by the plaintiff in which he agreed to pay the lender the amount of the loan with interest thereon computed on that

portion of the monthly unpaid principal which did not exceed the sum of $100 at the rate of three per cent per month and two per cent on the balance, in monthly installments of $17.55 in the case of the Personal Finance Company, and $16.17 in the case of the Domestic Finance Corporation. The first payment became due exactly one month after the note was dated, and the subsequent installments were made payable on the same day of each succeeding month. It was further stipulated that all moneys so paid should be first applied upon the interest, and that the balance should be credited upon the unpaid principal. Payments upon said indebtedness have been made from time to time. Neither note, however, has been paid in full.

The plaintiff claims that each defendant has charged and received on its loan a greater interest or consideration than is permitted by section 352 of the Banking Law, and that the contract of loan is, therefore, void, and that the lenders, because of the mandate of the statute, have no right to collect or receive any further principal or interest. Each defendant denies the accusation, and claims to be entitled to a judgment for the unpaid portion of its loan. A *bona fide* existing dispute between the parties has thus arisen over their jural relations, and their rights under their contract as it is affected by the provisions of the statute. The parties ask that the court determine and declare such rights, pursuant to the authority conferred by section 473 of the Civil Practice Act. The evidence presents a case where such remedy is peculiarly appropriate. (*Post* v. *Metropolitan Casualty Ins. Co.*, 227 App. Div. 156; affd., 254 N. Y. 541; *Union Trust Co. of Rochester* v. *Kaplan*, 247 App. Div. 588.)

Section 352 of the Banking Law restricts a loan which can lawfully be made by a licensee under the Small Loan Law to a sum not exceeding $300, and permits the lender to charge and receive on such loan interest up to three per cent per month on any part of the unpaid principal not in excess of $150, and two and one-half per cent on the balance   The section also provides that " if any interest, consideration or charges in excess of those permitted by this act are charged, contracted for, or received the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest, or charges whatsoever."

The facts are not in dispute. The issue to be decided is purely one of law. It centers about the method employed by the defendants in computing the interest on plaintiff's loan  or fractions of a month. No question is raised as to the correctness of the lenders' practice in reckoning the interest when an exact calendar month has elapsed between payments, as where a payment is

made on a certain day of one month, and the next payment is made on the same day of the succeeding month. The difficulty arises from the fact that the plaintiff, like most borrowers, never made his payments on time. They always ran over the due date a few days, more or less.

When these payments were made the defendants would figure the interest up to that date, even though it included fractions of a month, and after applying the same to the discharge of said interest, would credit the balance on the unpaid principal of the loan. The interest would then begin to run from that date. To s mplify such computation for these odd days, defendants adopted as a basis a thirty-day month, no matter whether the month actually contained twenty-eight, thirty or thirty-one days. By this method a year was made to consist of 360 rather than 365 days. For instance, if defendants were computing interest for seventeen days they would figure it at seventeen-thirtieths of a month, rather than seventeen-twenty-eighths or seventeen-thirty-firsts, if the month happened to contain twenty-eight or thirty-one days.

It appears that there are a large number of licensed lenders doing business in this and other States of the Union. In this State alone there are 304 different small loan offices operated by seventy-nine different corporations or individuals. How many such offices or lenders are doing business outside this State does not appear, but we may take judicial notice that they are legion, because statutes similar to our Small Loan Law have been enacted in many of our sister States. The method used by the defendants in computing the interest on plaintiff's loan is identical with that employed by licensed lenders generally in this and other localities. To simplify the computation of such interest, a table, known as a calculator, has been prepared and printed, by reference to which the interest on any sum up to $300 can quickly, easily and accurately be ascertained for any given number of days. There are four such calculators used by small loan lenders, known respectively as the Meilicke, Hunter, Snyder and Beneficial System calculators. They are all based on a thirty-day month, and they all exclude the thirty-first day, if there is one. The set-up and arrangement of these tables are somewhat different, but the result obtained by their use is the same in each instance. No matter which calculator is used, one arrives at the same result. One of the four is universally used by all licensed lenders.

It is claimed by the plaintiff that by computing the interest by the aid of one of these calculators, and using a thirty-day month, notwithstanding that some of the months actually covered contained thirty-one days, defendants have overcharged the plaintiff a few cents over the period he has been paying on his indebtedness.

It is true that the amount of the overcharge, if one has been made, is unimportant. From a legal standpoint it matters not whether it be small or large; the question is, has there been any excessive charge whatsoever. The purpose of the law is to protect from exorbitant and unconscionable demands the poor and needy who are compelled to borrow small sums to meet a pressing necessity. (*London Realty Co.* v. *Riordan*, 207 N. Y. 264, 269; *Cotton* v. *Commonwealth Loan Co.*, 206 Ind. 626, 635; 190 N. E. 853.) The evil sought to be prevented should never be lost sight of. If unprincipled or avaricious lenders seek to circumvent the statute by one device or another, the court should not hesitate to call a halt, no matter how ingenious or innocuous the plan may appear, if it permits the lender to charge more than the permissive rate of interest.

On the other hand, the provision which declares the contract of loan void is penal in its nature, in that it deprives the licensee of the right to collect or receive any principal or interest, if more than the maximum rate of interest has been charged or received. It is a most drastic measure, and should be strictly construed. The act of a lender should not be held to constitute a forfeiture, unless it comes squarely within the obvious intention of the Legislature.

The statute makes a month the basis of the charge, but it does not state how the interest shall be computed for a period less than a month. Concededly the act must be given a reasonable construction. As was stated by Judge EARL in *Lake Shore & Michigan Southern Railway Co.* v. *Roach* (80 N. Y. 339, 344), the Legislature cannot always foresee every possible application of the general language employed in a statute, and it often becomes the duty of the court to limit its operation so as to avoid an unjust or inconvenient result not contemplated when the act was passed.

Statutes imposing forfeitures should not be enlarged by implication, but should be confined within their legitimate scope and object. (*National Bank* v. *Lewis*, 75 N. Y. 516, 521.)

Surely it was never the intention of the Legislature to penalize a licensed lender because it adopted a practical, convenient and uniform method of computing interest for fractions of a month on the basis of a thirty-day month, and did not charge one who borrowed money in February, one-twenty-eighth of the legalized interest per day, and another who borrowed a like sum in March, one-thirty-first of such rate for the same period. To accept plaintiff's contention would, if seems to me, bring about an unjust and inconvenient result, one never contemplated when the Small Loan Law was enacted. Under these circumstances it is the duty of the

court to limit the operation of the statute so as not to countenance a situation which was not in the mind of the lawmakers when the act was passed.

Section 349 of the Banking Law requires the Superintendent of Banks to investigate the loan and business, and to examine the books, accounts, records and files of every licensed lender doing business in the State, for the purpose of securing information lawfully required by him, or discovering any violation of the statute. If the Superintendent finds that any licensee has violated the statute, or a rule or regulation of the department, he is given authority to revoke the license of the offender. (Banking Law, § 348.) For years the Superintendent has been fully cognizant of the method employed not only by these defendants, but by all other licensed lenders of the State, in computing the interest on loans made by them according to the Meilicke, Hunter, Snyder or Beneficial calculators. He has never objected to or criticized the method, nor has he ever suggested that any other plan be adopted. He has never sought to revoke the license of either defendant, or of any other lender, because it computed interest on the basis of a thirty-day month, which it would have been his duty to do, if he had honestly believed that such method enabled the lender to receive more interest than it was legally entitled to. The Superintendent has not only acquiesced in the procedure adopted by the defendants, but tacitly, at least, has given it his approval.

A practical construction given a statute by the public generally, as indicated by a uniform course of conduct over a considerable period of time, and acquiesced in and approved by a public official charged with the duty of enforcing the act, is entitled to great weight in the interpretation which should be given it, in case there is any ambiguity in its meaning serious enough to raise a reasonable doubt in any fair mind. (*Bullock* v. *Cooley*, 225 N. Y. 566, 571; *Story* v. *Craig*, 231 id. 33, 40; *Matter of City of New York*, 217 id. 1, 12, 13; *Grimmer* v. *Tenement House Dept.*, 205 id. 549; *City of New York* v. *New York City Ry. Co.*, 193 id. 543, 548.)

My attention has not been called to any decision in this State directly in point, and an exhaustive research on my part has disclosed none, except the case of *Swistak* v. *Personal Finance Co.* (175 Misc. 791), a decision of the Special Term of Kings County (MAY, J.), which upholds defendants' contention.

The courts of other States have passed upon practically the identical question here presented under statutes similar to our own Small Loan Law, and have invariably held that the method adopted by the defendants in computing interest on the basis of a thirty-day month was not violative of the statutory mandate. (*Broce* v.

*Master Loan Service, Inc.*, 171 Ga. 22; 154 S. E. 324; *Stembridge* v. *Family Finance Co.*, 49 Ga. App. 353; 175 S. E. 663; *Cotton* v. *Commonwealth Loan Co.*, *supra*; *Figg* v. *Nicholes*, 101 Ind. App. 706; 200 N. E. 431; *Giacopetti* v. *Personal Finance Co.*, an unreported decision of the Municipal Court of Philadelphia, BLUETH, J.)

If the defendants are permitted to compute interest in accordance with the method adopted, there has been no overcharge, unless it be in the case of the Personal Finance Corporation, due to the fact that in computing the interest due on June 17, 1939, the company inadvertently charged the plaintiff one dollar more than was actually due. This overcharge was not intentional. It was a slip on the part of an inexperienced clerk who undertook to compute the interest. As soon as the mistake was discovered, the dollar, together with another dollar, which was allowed for interest on the overpayment, was tendered plaintiff's attorney. The tender was refused. This error cannot be made the ground for penalizing the finance company, and depriving it of the right to collect what would otherwise be due it on its loan. Intent to overcharge a borrower is an essential and necessary element of usury. Under the circumstances shown by the evidence, the finance corporation did not accept this dollar at its peril. (*Fiedler* v. *Darrin*, 50 N. Y. 437, 443; *Rosenstein* v. *Fox*, 150 id. 354, 363; *Hartley* v. *Eagle Ins. Co.*, 222 id. 178, 187; *Salvin* v. *Myles Realty Co.*, 227 id. 51, 57; *Slizewski* v. *Kozaka*, 212 App. Div. 474; *Winstel* v. *American Loan Co.*, 30 Ohio Nisi Prius [N. S.], 537; *May Co.* v. *Anderson*, 156 Tenn. 216, 220; 300 S. W. 12.)

It should be borne in mind that the particular loans in question call for a lesser rate of interest than that permitted by the statute. Three per cent per month was charged on the first $100 of principal, rather than the first $150, as is permitted by the statute; the balance carries interest at the rate of two per cent instead of two and one-half per cent, which the defendants might legally have charged. The penalty prescribed by the statute relates to an overcharge in excess of the rate specified therein, and not to an overcharge on the basis of a lesser rate which is specified in the contract of loan, if such charge does not exceed the amount which might have been exacted under the statute. So if it were conceded that more interest than was called for by the terms of either note was actually exacted from the plaintiff, that fact would not avail the plaintiff, if such charge did not exceed the amount which could have been collected on the basis of the rate specified in the statute. If we were to figure the interest according to the formula urged by the plaintiff, the total would fall a few cents short of the amount which the defendants actually charged and received. It, therefore,

follows that, even if defendants' method of computing interest for fractions of a month were held erroneous, plaintiff cannot enforce the penalty provided by the statute.

Plaintiff further claims that all payments on principal should first be credited on the $100 on which interest at the rate of three per cent per month was charged until the $100 was fully paid, and that then such payments should be credited on the balance which bore the lesser rate of interest; he claims that if that procedure had been followed it would demonstrate that he had been overcharged. This contention cannot be upheld. The payments of principal reduce the total amount due by the sum paid   Until the principal is reduced to $100, the lender can charge interest at the rate of three per cent on that amount. The statute (§ 352) permits the lender to charge three per cent per month " on *any* part of the *unpaid* principal balance  *  *  *  not in excess of one hundred and fifty dollars." (Emphasis mine.) The wording of the act implies that payments will be made from time to time to apply on the principal of the loan, and that a balance will remain unpaid. Experience teaches that all these small loans are paid by installments running over a considerable length of time. The statute does not provide that the installments paid on principal shall be credited on the first $150 of the loan. It expressly authorizes the lender to charge three per cent on " *any* part of the *unpaid* principal " up to $150.

If I am correct in my reasoning, and I trust that I have not fallen in error, plaintiff cannot invoke the penalty provided for in the statute, and is not entitled to have his debt canceled, but is liable to the respective defendants for the unpaid portion of his loan. Judgment is ordered accordingly, with costs. Prepare findings in accordance with this decision, and send to me for my signature.