## BLECKLEY *et al. v.* WHITE *et al.*

1. The defendants in an action of ejectment not having, by plea or otherwise, prayed for any affirmative relief against the plaintiffs, it was the right of the latter, even after a judgment in their favor had been set aside by the Supreme Court, to dismiss their action at pleasure at any time before the case was again tried.

2. The bare statement of a witness that title to realty " passed " from one person into another is wholly incompetent to show title in the latter.

3. A deed from one who is apparently a stranger to the paramount title, and who is not shown to have ever been in possession of the premises conveyed, is insufficient to make out a *prima facie* case showing title in the grantee claiming thereunder.

4. The plaintiffs having utterly failed, either to prove a joint ownership of the premises in controversy, or to show that either of them had any interest, legal or equitable, therein, the court erred in granting an injunction restraining the defendants from interfering with or exercising control over the premises.

June 18, 1896. By two Justices. Argued at the last term.

Injunction. Before Judge Kimsey. Rabun county. August 28, 1895.

*H. H. Dean* and *W. S. Paris,* for plaintiffs in error.
*J. B. Estes,* contra.

LUMPKIN, Justice.

A controversy as to the ownership of the land involved in the present action arose in 1884, when H. W. Cannon and F. A. Bleckley brought ejectment for its recovery

against W. D. Young and Caleb Woodall. After a verdict for the plaintiffs, the defendants moved for a new trial, which was granted, and this judgment was affirmed by this court. See 92 *Ga.* 164. Subsequently, after Bleckley had been stricken as a party plaintiff, and the administrator of Cannon, who had died, had been made a party in his stead, the plaintiff's attorney made the following entry on the declaration: "The defendants having abandoned the possession of the premises sued for, and the plaintiff, John C. Cannon as administrator of the estate of H. W. Cannon, having regained his intestate's former possession of the same, this suit is therefore dismissed by the plaintiff in vacation."

On August 1, 1895, W. D. Young and Sarah E. White, alleging themselves to be the owners of the land, brought their present petition for the purpose of enjoining Cannon, as administrator, James Bleckley, and W. S. Paris, attorney for the plaintiffs in the ejectment suit, from interfering with, cutting timber on, or otherwise exercising any acts of ownership over the land. The trial judge granted the injunction prayed for, which is the error complained of in the present bill of exceptions.

1. One ground of the plaintiffs' petition was, that the dismissal of the ejectment suit was unauthorized and operated prejudicially to their rights in the premises. How this could be true as to one of plaintiffs, Sarah E. White, it is difficult to conceive, as she was not a party to that case. But even if the parties to both actions were identical, the dismissal of the action in ejectment affords no legal or equitable ground for complaint. From the pleadings in that case, which were introduced in evidence at the hearing of the present action, it appears that the only defense offered was a plea of "not guilty." Neither by counter-petition, answer, plea or otherwise, did the defendants seek any affirmative relief against the original plaintiffs to that action, or the sole remaining plaintiff at the time it was

dismissed. Therefore, when the case was voluntarily dismissed, the defendants gained all the relief they could have claimed under the pleadings filed by them. In dismissing the action in vacation, the plaintiff in ejectment merely exercised a right expressly conferred upon him by law. Code, §3447. In this connection, the case of *Jackson* v. *Roane*, 96 *Ga.* 40, is precisely in point, and cites several other decisions of this court to the same effect.

2. In support of their claim of ownership, the plaintiffs in the present action undertook to trace title from Charles F. Betton, alleged to be the original grantee from the State, into Abbott H. Brisbane, under whom they claim. The defendants interposed numerous objections to the evidence offered for this purpose. It is unnecessary, however, to deal with the various questions thus raised; for conceding that the plaintiffs successfully traced title into Brisbane, they entirely failed to substantiate their claim that such title as he had subsequently became vested in them jointly, or severally in either. W. D. Young, one of the plaintiffs, attempted by affidavit to testify that title to the land in dispute "passed from Abbott H. Brisbane to John Raven Matthews and Edward B. White, and then to Sarah E. White," without giving any particulars as to how or when. This affidavit was objected to as inadmissible to show title in the plaintiffs, and error is assigned upon its admission in evidence, the objection being that "titles to land cannot be shown except by writing." This certainly was a novel method of attempting to prove the fact sought to be shown. We apprehend that even if Young were an attorney at law, and had been offered as an expert witness, the question whether or not title did in fact pass as testified to, would be a matter for determination by the court, and not one for the expression of an opinion by the witness. The statute of frauds declares that "any contract for sale of lands, or any interest in or concerning them," must be in writing. Code, §1950, par. 4. If title to land

is sought to be transferred by will or deed, certain essential formalities and requirements must be complied with. Whereas, whether or not title passes by descent is a question of law under the particular facts as to relationship, etc., shown to exist. If the title in question "passed" by writings, the instruments themselves were the best and only competent evidence of the fact until accounted for and shown to be lost or destroyed. If title vested under the rules of descent, this could be shown only by proving the facts necessarily bringing about this legal result. The witness gave no information as to the facts upon which he predicated the opinion he expressed; and we are inclined to think he went somewhat beyond the sphere in which a mere witness is permitted to move, in attempting to determine for himself whether, under the facts within his knowledge but uncommunicated to the court, the title to the property in dispute became legally vested in his co-plaintiff.

3. Again, an effort was made to show title in Young, the other plaintiff, by an extract from the will of John Raven Matthews authorizing his executors to sell and convey the land, and a deed to Young from William R. Matthews, as executor, in pursuance of this power. As the above mentioned affidavit of Young was incompetent to show that title ever passed out of Brisbane and into John Raven Matthews, and no other evidence on this point was offered, the latter necessarily stands in the attitude of a mere stranger to the title; and moreover, as Matthews was not shown to have ever been in possession of the land, no title, or presumption of title, in him was shown, derivable from any other source. It is unquestionably true that possession under a claim of right raises a presumption of law that the occupant has a rightful and legal possession; and proof of this fact makes out a *prima facie* case of title in him, calling on the defendant to assume the burden of proof. *Wolfe* v. *Baxter et al.*, 86 *Ga.* 705; *McLendon* v. *Horton*,

95 *Ga.* 54. But a mere deed from one not shown to have ever been in possession proves nothing more than the naked fact that the grantor in the deed thereby asserted ownership, without disclosing upon what ground or claim of right, whether arbitrary and fictitious, or based on a real or mistaken legal or equitable title. Indeed, the grantor's assertion is no better than that of the grantee himself, when utterly unsupported by legal and sufficient proof of a valid right to the possession or ownership of the land. It was said in *Parker* v. *Waycross & Florida Railroad Co.*, 81 *Ga.* 392: "We know of no authority, however, for the doctrine that one who merely has a deed from another and is not in possession, can either recover for trespasses committed on the land embraced in the deed, or cast the burden of proof upon his adversary." The law goes quite far enough in presuming possession rightful. Without the aid of this presumption, a plaintiff who merely shows a deed to himself from an apparent stranger to the title utterly fails to carry the burden imposed upon him by law, of making out his case upon the strength of his own title rather than upon the weakness of that of his adversary.

4. From the above it will be seen that the plaintiffs signally failed to show in either of them any ownership or right of possession as to the lands in controversy, legal or equitable; and, without regard to the various rulings of the court complained of, the decision in their favor was unsupported by the evidence and erroneous.

*Judgment reversed.*