## FARKAS *v.* MONK.

TURNER, J. 1. It is too late, at the trial term of a case, for the plaintiff to file an amendment to a demurrer to the defendant's plea, setting up new and distinct grounds of objection thereto. Civil Code, §§ 5045, 5047 ; *City Council* v. *Lombard*, 101 *Ga.* 724.

2. The answer of the defendant set forth a good defense, it being alleged that the note sued on was obtained from him by reason of the false and fraudulent representations of the plaintiff that he held a fi. fa. against another, under whom the defendant claimed title to certain land, the lien of which fi. fa. was superior to and antedated a deed upon which the defendant relied as a muniment of title ; that, upon defendant's request to see the fi. fa., the plaintiff replied that it would take him some time to find it, but that it was just as he had stated and he would send it to defendant in a few days, if he would purchase it and give his note for the price agreed on ; that, acting on this assurance, defendant did give his note, not knowing or having an opportunity to know the date of the said fi. fa. until the plaintiff subsequently sent it to him ; that he then discovered that the fi. fa. was not prior in date to the deed under which he claimed ; and that, as soon as he discovered the fraud which had been practiced upon him, he returned the fi. fa. to the plaintiff, but that the plaintiff refused to surrender defendant's note.

3. This plea of fraud and a timely offer to rescind was not open to special demurrer on the ground (1) that the conduct of the plaintiff was such that the defendant could, by the exercise of ordinary prudence, have ascertained the date and legal effect of the fi. fa., and thus have protected himself against the imposition practiced upon him; or (2) because it did not appear that the person against whom the fi. fa. issued was insolvent, or that for any other reason it was " not good ; " or (3) because the defendant's answer did not

disclose whether it was a common-law fi. fa. or one based upon a mortgage foreclosure on the land claimed by him.

4. While a mere written transfer, indorsed upon a deed, does not have the effect of passing title to the property therein described into the transferee (*Henry* v. *McAllister*, 93 *Ga.* 668), yet it was proper, in the present case, to allow the defendant to introduce in evidence a deed having indorsed upon it a transfer to him, signed by the grantee, from whom and the grantor the defendant testified he had purchased the land on which the plaintiff stated the fi. fa. sold to the defendant was a superior lien. Not only did this written transfer afford evidence of the date on which the defendant became the equitable owner of the land, but, in connection with the deed on which it was indorsed, showed color of title and disclosed the fact that the defendant held under the grantor named in that deed, against whom the fi. fa. was issued after its execution and delivery.

5. The trial judge properly declined to instruct the jury that it was incumbent on the defendant to show that he had " retransferred " to the plaintiff, in writing, the fi. fa. in question ; for though the evidence showed that the plaintiff had, before sending the fi. fa. to the defendant, indorsed upon it a transfer to him, there was also testimony to the effect that the defendant's offer to rescind was declined by the plaintiff on the ground that "he made no children's trade," and not for the reason that the defendant had not, before returning the fi. fa. to the plaintiff, " retransferred " it to him.

6. The charge of the court was as favorable to the losing party as he had any right to demand or expect, and the verdict returned against him was warranted by the evidence.

*Judgment affirmed.    All the Justices concur, except Simmons, C. J., absent.*

Argued January 25, — Decided February 13, 1904.

Complaint.    Before Judge Covington.    City court of Moultrie. September 2, 1903.

*Robert L. Shipp* and *Alfred R. Kline,* for plaintiff.
*W. S. Humphreys* and *James A. Humphreys Jr.,* for defendant.