### TILLMAN *v.* BOMAR.

LUMPKIN, J. 1. Where a grantee in a deed made an endorsement thereon, headed with the name of the county and State, and continuing, "I [naming such grantee], of the county and State aforesaid, for value received do hereby transfer the within and foregoing deed to [naming a firm] of the same place," dated, signed, and attested like a deed, and recorded, this was not sufficient of itself to convey the legal title from the transferer to the transferees. *Henry* v. *McAllister*, 93 *Ga*. 667 (20 S. E. 66) ; *Horton* v. *Murden*, 117 *Ga*. 72, 75 (43 S. E. 786).

(*a*) But under the facts of the present case, there was no error in admitting such a transfer in evidence, when offered by one who claimed by a chain of conveyances from the transferees, and who also introduced a quitclaim deed from a woman bearing the same surname as the signer of the transfer, accompanied by some evidence from which it might be inferred that she was the sole heir of the transferer, and also some evidence tending to show possession for more than seven years in persons claiming under the transferees. *Farkas* v. *Monk*, 119 *Ga*. 515 (4), 516 (46 S. E. 670).

2. Where the grounds of a motion for a new trial complain of the refusal to permit counsel for the movant to ask certain questions of witnesses introduced by him, it should appear what answers were expected, or what testimony counsel expected to elicit thereby. Questions may be answered so that the testimony will benefit the party propounding them, or so that it will benefit the adverse party, or so as to show entire want of knowledge on the part of the witness. Reversals are granted for material errors, calculated to injure the party complaining. In the absence of any indication of what the witness would testify, it can not well be determined whether refusing to permit a question to be asked was error calculated to work injury or not.

(a) In respect of an unlawful limitation upon the right of cross-examination, where counsel are prevented from asking material and proper questions, and where it can not be expected that he can state as fully what reply is anticipated as in case of a witness introduced by himself, the rule stated in the preceding headnote does not apply.

3. It is not competent to ask a witness to state where the equitable title to land is, if he knows.

4. Although a witness resides without the State, yet where one party to an action of ejectment has taken his testimony by interrogatories, which have been duly crossed by the opposite party, and the evidence so taken is introduced on the trial of the case, the party who crossed the interrogatories can not thereupon introduce evidence of such witness, taken by interrogatories, in a case of forcible entry and detainer between the same parties, as affirmative evidence of the facts stated by the witness in such former testimony, on the ground that the witness is inaccessible. *Atlanta & Charlotte Air-Line Ry. Co. v. Gravitt*, 93 *Ga.* 369, 371 (20 S. E. 550, 26 L. R. A. 553, 44 Am. St. R. 145); *Smith* v. *Holbrook, Glazier & Co.*, 99 *Ga.* 256 (25 S. E. 627).

(a) If it be contended that such former testimony was admissible to impeach the witness by showing conflicting evidence given by him, much of the testimony contained in the answers to the former interrogatories was not in conflict with his testimony in the case on trial, if any of it was so; and the former interrogatories and answers being offered as a whole, if any part of such testimony might have been admissible, the refusal to admit it as a whole furnishes no cause for a reversal.

5. In order to acquire a prescriptive title by virtue of possession alone for twenty years, such possession must be actual, and the prescription will not extend beyond the possessio pedis. If one seeks to prescribe by virtue of actual possession alone, without color of title, he should show the extent of such possession.

(a) There was no effort to obtain specific performance, and an objection to the charge based on such theory was without merit.

6. An entry was made on the back of a set of interrogatories in these words, "The defendant [naming him] objects to the opening of these interrogatories in case of [stating case], if they were intended to be used in said case, because the law has not been complied with, to allow them to be opened in said case." *Held*, that this was not a sufficient entry of any specific objection to the execution of the interrogatories to cause them to be excluded on various special grounds urged at the trial, such as, that the envelope did not indicate that it contained interrogatories; that it was addressed to the clerk of the court where the case was pending, but a new county had been created during the pendency of such case, to which it was transferred, and the interrogatories were not properly sent; and that it did not appear that they had properly reached the court where the trial took place.

7. None of the other grounds of the motion for a new trial not herein specifically dealt with are such as to require a reversal.

*Judgment affirmed. All the Justices concur.*

JUNE 23, 1910.

Complaint for land.  Before Judge Rawlings.  Toombs superior court.  February 25, 1909.

*W. T. Burkhalter,* for plaintiff in error.

*E. J. Giles* and *James K. Hines,* contra.