*C. W. Atwill,* contra.

---

### 14512.   Sears, Roebuck & Co. v. Kitchens.

Stephens, J.   1. Where personal property, such as a piano, was delivered by the owner to one who was a prospective purchaser, upon an agreement between the parties that the prospective purchaser would have the right, after thirty days trial, to return the piano should he decide that it was unsatisfactory, but that should he, after thirty days trial, decide to accept the piano, he would pay for it in certain payments stipulated in the agreement, an offer by him to return the piano, upon the ground that he could not keep it, because he was expecting to be drafted into the army, was not an offer to return the piano upon the ground that it was unsatisfactory, as provided in the agreement. Where the owner refused to accept its return when offered upon such ground, not provided for in the contract, and where the prospective purchaser never offered to return the piano upon the ground that it was unsatisfactory, as was his right, a retention by him of the piano after thirty days amounted automatically to its acceptance under the contract, and he thereby became a purchaser of the property and liable, under the terms of the contract, for the purchase-money, and one who afterwards purchased the property from him in good faith, for value and without notice, either actual or constructive, of the contract of sale, acquired good title; and in a suit against him by the original owner to recover the property in trover, a verdict for the defendant, where the undisputed evidence showed the above facts, was properly directed.

2. Testimony of an agent of the plaintiff, to the effect that the legal and equitable title to the property was in the plaintiff, was properly excluded upon the ground that it contained conclusions of law.

3. Even excluding certain evidence for the defendant, the admission of which was excepted to in the second ground of the amendment to the motion for a new trial, the evidence demanded a finding for the defendant; and it is therefore unnecessary to pass upon the validity of this assignment.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 8, 1924.

Trover; from Glascock superior court—Judge Shurley.   March 28, 1923.

*J. C. Newsome,* for plaintiff.

*M. L. Felts,* for defendant.