## 23646. DOWNS v. BRANDON et al.

JENKINS, P. J. 1. "As title to personal property may pass by mere delivery, [and] the nature of the title of one in possession of personal property, under such circumstances, is not an opinion, but a matter of fact, resting peculiarly within the knowledge of the party in possession" (*Brooks* v. *Griffin*, 10 *Ga. App.* 497 (3), 73 S. E. 752), such a party in possession, or one having the requisite actual knowledge of the facts of the possession and title which has passed by mere delivery, may testify directly, subject to cross-examination, as to such ownership or the absence of such ownership in another, without rendering his testimony objectionable as a mere conclusion. *Spiller-Beall Co.* v. *Hirsch*, 18 *Ga. App.* 450 (2) (89 S. E. 587). But where ownership of property is a material issue to be determined in an action, the testimony of a witness that amounts merely to his construction of facts or documents, or his conclusion as to their meaning or construction, is inadmissible. *Sears* v. *Kitchens*, 31 *Ga. App.* 574 (121 S. E. 583); *Swann* v. *Stanton*, 7 *Ga. App.* 668, 672 (67 S. E. 888); *Brooks* v. *State*, 19 *Ga. App.* 3 (10), 9 (90 S. E. 989); 22 R. C. L. 78, § 57; 23 C. J. 57, 58, § 1804. See also *Carter* v. *Buchannon*, 3 *Ga.* 513; *Copeland* v. *Jordan*, 144 *Ga.* 636 (2, *a, b*) (87 S. E. 1034); *Bacon* v. *Howard*, 152 *Ga.* 617 (110 S. E. 888); *Tillman* v. *Bomar*, 134 *Ga.* 660 (68 S. E. 504); *Bleckley* v. *White*, 98 *Ga.* 594 (25 S. E. 592). Accordingly, where, on the trial of the instant claim of a wife to an automobile truck, levied upon under an execution against her husband, the undisputed evidence showed that the truck had been bought in the name of the husband, that the license plates had been applied for and were registered in his name, all with knowledge of the wife, and that the husband was in possession at the time of the levy, and was thus presumptively the owner, the wife never having been in possession (Civil Code of 1910, § 5170; *Stephens* v. *Southern Cotton-Oil Co.*, 147 *Ga.* 410, 94 S. E. 245; *Greene* v. *Matthews*, 31 *Ga. App.* 265, 120 S. E. 434; 50 C. J. 786, 787, §§ 65, 66), the mere general statements of the husband and the wife, that the wife was the owner of the truck and that it was her property at the time of the levy, involved conclusions, and their exclusion when offered as proof of title was proper, since, the wife and the husband having testified in detail as to the particular facts upon which she based her claim of ownership, and her claim resting upon these facts apart from possession or mere delivery, their general conclusions as to her ownership had no independent probative value.

2. The evidence was sufficient to authorize the verdict for the plaintiff in execution.

3. The admission of testimony from one of the plaintiffs that, after he sold the husband the bill of goods for which he obtained the execution against the husband, he "looked on the records at the court-house and found that the title to the truck was in [the husband]," while erroneous, was entirely harmless, in view of undisputed evidence that the property had in fact been bought in the name of the husband with the knowledge of the wife.

4. The superior court properly overruled the certiorari.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*

DECIDED MAY 22, 1934.

*M. B. Eubanks,* for plaintiff in error.. *H. L. Lanham,* contra.