LITTLE et al. v. GEORGIA POWER COMPANY.

52

No. 16479.   February 16, 1949.   Rehearing denied March 16, 1949.

*Thomas O. Davis* and *James A. Mackay,* for plaintiffs in error.
*MacDougald, Troutman, Sams & Branch* and *T. M. Smith,* contra.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ The objection to the first paragraph of the testimony of R. A. Conaway, quoted in the foregoing statement of facts, upon the grounds that the opinion was based on speculation, and was a conclusion, is without merit. The witness was an electrical

engineer of 31 years' experience, his opinions were based on proven facts, and were admissible under the Code, § 38-1710.

■ To that portion of the testimony of W. D. Maness, to wit, "The easement on which said . . line is located is 50 feet in width," objections were interposed on the ground that it was a conclusion and no facts were given on which to base such conclusion, which objection was overruled. Inasmuch as there was no evidence of the easement having been acquired by grant or condemnation proceedings designating any particular width, and the evidence showed only a prescriptive right to maintain the line across the premises in question, the evidence objected to should have been excluded, as it amounted to no more than a legal opinion or conclusion. Where ownership of property is a material issue, testimony that amounts merely to a conclusion as to the meaning of facts or documents is inadmissible. *Bleckley* v. *White*, 98 *Ga.* 594 (2) (25 S. E. 592); *Collinsville Granite Co.* v. *Phillips*, 123 *Ga.* 830 (20) (51 S. E. 666); *Tillman* v. *Bomar*, 134 *Ga.* 660 (3) (68 S. E. 504); *Sears, Roebuck & Co.* v. *Kitchens*, 31 *Ga. App.* 574 (2) (121 S. E. 583); *Downs* v. *Brandon*, 49 *Ga. App.* 198 (1) (174 S. E. 647).

■ The width of the right-of-way was a material and controlling question in the instant case, and evidence defining its width having been erroneously admitted, as set forth in the foregoing second division, such evidence may have had considerable weight, or might have been the controlling factor, in affecting the decision of the trial judge, in which case a new trial should be had upon proper evidence. *Town of Pelham* v. *Pelham Telephone Co.*, 131 *Ga.* 325 (3) (62 S. E. 186).

*Judgment reversed. All the Justices concur, except Duckworth, C. J., and Head, J., who dissent.*

DUCKWORTH, C. J., dissenting. I dissent upon the ground that the evidence the admission of which is the basis of the reversal was not subject to the ground of objection offered, which was that it was a conclusion of the witness. It is my opinion that the testimony, while possibly subject to other objections, was not a conclusion of the witness and therefore not subject to the only ground of objection offered.

Mr. Justice Head concurs in this dissent.