## 39224. FOWLER, Next Friend v. GLOVER et al.

DECIDED JANUARY 3, 1962—REHEARING DENIED JANUARY 18, 1962.

· ˙ *Jess H. Watson,* for plaintiff in error.

*Haas, Dunaway, Shelfer & Haas; John A. Dunaway, H. G. Vandiviere, A. B. Tollison* contra.

NICHOLS, Presiding Judge. The trial court granted the nonsuit because the plaintiff testified that he did not see the defendant Glover do anything wrong and that everything that such defendant did was all right with him, and therefore no verdict would be authorized against the resident defendant and, unless a recovery could be had against the resident defendant no recovery could be had against the nonresident, a resident of another county.

The plaintiff's testimony disclosed that he was riding on a motorcycle operated by the defendant Glover, that the defendant Glover was taller than the plaintiff, and that the plaintiff could not see the road in front of such defendant without raising up, that he was not looking at the time of the collision and had not seen such defendant do anything wrong, etc. Assuming, but not deciding, that the plaintiff's testimony was such that it should be construed most strongly against him, yet as Justice Head said, speaking for the Supreme Court in *Sears, Roebuck & Co.*

*v. Wilson*, 215 Ga. 746, 751 (113 SE2d 611): "In a case where the plaintiff's testimony is subject to the objection here insisted upon [vague, contradictory and equivocal so that it must be construed most strongly against him] he may still recover if there is other testimony tending to establish his case. *Ray v. Green*, 113 Ga. 920 (39 SE 470); *Steele v. Central of Georgia Ry. Co.*, 123 Ga. 237 (51 SE 438); *Smaha v. George*, 195 Ga. 412, 420 (24 SE2d 385); *Clark v. Bandy*, 196 Ga. 546, 561 (27 SE2d 17)."

In the case sub judice there was other evidence, and an examination of such evidence must be made to determine that the plaintiff was entitled to have a jury decide the case for, if the plaintiff's case was made as laid, the judgment and the nonsuit were error. "A 'guest' in an automobile, within the contemplation of the law that towards him the host owes only the duty of exercising slight care, is one who takes a ride in the automobile merely for his own pleasure or on his own business and without making any return or conferring any benefit upon the host other than the pleasure of his company. 18 Words and Phrases, 839. The status of one in or upon any part of an automobile for the purpose of conferring some benefit upon the owner and driver thereof at his request is that of an invitee, towards whom the owner and driver owes the duty of exercising ordinary care." *Holtsinger v. Scarbrough*, 69 Ga. App. 117 (1, 2) (24 SE2d 869).

The plaintiff alleged and proved, and there is no contention to the contrary, that he was a passenger to whom the resident defendant, Glover, owed a duty to exercise ordinary care for his safety. The evidence showed without dispute that the nonresident defendant, Francis, drove his automobile into the highway from the west side and headed generally in a southerly direction, that the resident defendant, also traveling in a southerly direction, overtook and struck the rear of the Francis automobile, that the Francis automobile was completely in the highway on the right side of the road traveling fifteen to twenty miles per hour when the collision occurred, and that the resident defendant was fifty or seventy-five feet from the nonresident defendant when such resident defendant first saw the nonresident

defendant drive into the road. There was no allegation or proof as to the speed of the resident defendant, but only an allegation that he was negligent in failing to have the motorcycle under control and in colliding with the automobile being driven by the nonresident. There was no evidence that any oncoming traffic was approaching from the south and, while the resident defendant would not be required to exercise the same accuracy of judgment in an emergency not created by his own negligence, yet whether he did exercise the ordinary care for the plaintiff's safety in failing to pass the nonresident's automobile or take some other action to avoid colliding with such automobile was a question for the jury if the jury found that such an emergency existed, for it is only in plain and indisputable cases that such question is a matter for the court and not the jury. See *Morrow v. Southeastern Stages*, 68 Ga. App. 142, 148 (22 SE2d 336); *Brock v. Avery Co.*, 99 Ga. App. 881, 884 (110 SE2d 122), and citations. Under the evidence the resident defendant never applied his brakes, or attempted in any other way to avoid striking the automobile operated by the non-resident defendant and under all the evidence it cannot be said that the plaintiff did not prove his case as laid, and the judgment granting the motions for nonsuit must be reversed.

*Judgment reversed. Frankum and Jordan, JJ., concur.*