43156.   GUNTER v. WILLINGHAM.

ARGUED OCTOBER 5, 1967—DECIDED NOVEMBER 20, 1967.

*Erwin, Birchmore & Epting, Denny 'C. Galis,* for appellant.
*Guy B. Scott, Jr.,* for appellee.

QUILLIAN, Judge. ■ In his enumeration of errors the defendant, appellant here, contends he was entitled to a directed verdict for two reasons. However, only one ground was urged in the motion for directed verdict and we confine our discussion to it. See *Sunbrand Supply Co. v. Garment &c. Corp.,* 99 Ga. App. 72, 75 (107 SE2d 680) ; *Crown 'Carpet Mills v. C. E. Goodroe Co.,* 108 Ga. App. 327 (1) (132 SE2d 824).

It is argued that "the plaintiff's evidence shows conclusively that the proximate cause of her son's injuries was unknown." A police officer, although not qualified as an expert, testified that in his opinion the cause of the accident was "speed" which he estimated to be 110 miles per hour. In the course of his testimony the officer related the length of the car's skid marks, the distance it rolled over, the damage to the vehicle and the condition of the road. Ordinarily, where a witness does not actually observe the vehicle in motion, he must qualify as an expert in order to give his opinion as to speed based on various external data. *Carroll v. Hayes,* 98 Ga. App. 450, 452 (3) (105 SE2d 755). See Ann., 23 ALR2d 112. Nevertheless, a lay witness may also give opinion testimony as to speed where he relates the facts on which such opinion is based. *Cobb v. Coleman,* 94 Ga. App. 86, 90 (2) (93 SE2d 801) ; *Eastern Dehydrating Co. v. Brown,* 112 Ga. App. 349, 351 (4) (145 SE2d 274). Here, as in *Eastern Dehydrating Co. v. Brown,* supra, the witness recited sufficient facts on which he predicated his opinion so that such opinion would not be a mere conclusion, hence, without probative value. See *Herrington & Co. v. Shumate Razor Co.,* 6 Ga. App. 861, 864 (65 SE 1064) ; *Patterson v. 'Cotton States &c. Ins. Co.,* 221 Ga. 878, 882 (148 SE2d 320).

Since neither plaintiff's son nor the other witness who was in the car could remember the details of the occurrence or what caused the car to overturn, the appellant urges the rule: "A person testifying in his own behalf is not entitled to a finding in his favor if that version of his testimony the most unfavor-

able to him shows that the verdict should be against him." *Taylor v. Wilson,* 109 Ga. App. 658, 662 (137 SE2d 353). While recognizing this rule, we point out that it is inapplicable where, as here, there is evidence to support the verdict other than the testimony of the party at interest. *Western & A. R. v. Mathis,* 63 Ga. App. 172, 177 (4) (10 SE2d 457); *Fowler v. Glover,* 105 Ga. App. 216, 217 (123 SE2d 903); *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d 611) and cases cited.

The trial judge did not err in overruling the motion for directed verdict.

■ The petition alleged in one subparagraph that the defendant was negligent "by driving his car on an unopened and not completed State Highway of Georgia, knowing the same to be unopened and not completed, the same being gross negligence, said act being done while intoxicated and at a speed of 110 miles per hour at night." The jury inquired whether that subparagraph could be "torn apart" and each of the various charges therein considered separately or should they be considered as a whole. The judge then charged: "If you find that the defendant committed any single one of the factual elements composed in either subparagraph B or subparagraph C, or more than one of the single factual elements set forth in subparagraph B and subparagraph C, and if you further find that such of those factual elements as you find him to have committed. constituted gross negligence, and you further find that this gross negligence was the proximate cause of any injury or damage which may have been sustained by the plaintiff, then in that event the plaintiff would be entitled to recover. . . In other words, for the plaintiff to recover it is not necessary that she prove all of the elements of subparagraph C, or all of the elements of subparagraph B, or both B and C. It is necessary that she prove some one or more of the factual elements that are contained in paragraphs B and C." The defendant contends that under the allegations the plaintiff must prove these elements combined to constitute gross negligence and the court erred in charging the jury that it could dissect the specification.

With this contention we can not agree. Questions of negli-

gence and diligence, even as to gross negligence and slight diligence, are generally matters to be determined by the jury. *Cobb v. Coleman,* 94 Ga. App. 86, 90 (3), supra; *Parker v. Johnson,* 97 Ga. App. 261 (1) (102 SE2d 917). Ordinarily, a charge to the effect that the plaintiff may recover upon proof of any ground of negligence alleged in the petition is not error. See *Mayor &c. of Gainesville v. Haynes,* 22 Ga. App. 589, 591 (1) (96 SE 349); *Dowis v. McCurdy,* 109 Ga. App. 488, 491 (3) (136 SE2d 389); *Jones v. Parrott,* 111 Ga. App. 750, 751 (5) (143 SE2d 393). From the evidence adduced, the jury would have been authorized to find that any one, two or more of the alleged negligent acts constituted gross negligence. Hence, the trial judge's charge was not error.

*Judgment affirmed. Jordan, P. J., and Deen, J., concur.*