45138.   WILSON v. MATTHEWS et al.

ARGUED MARCH 2, 1970—DECIDED MAY 26, 1970—REHEARING
DENIED JUNE 18, 1970—

*Robinson, Thompson, Buice & Harben, B. Carl Buice,* for appellant.

*Mitchell & Mitchell, Warren N. Coppedge, Jr., Ellard & Frankum, Stephen D. Frankum, Erwin, Epting, Gibson & Chilivis, Nickolas P. Chilivis,* for appellees.

QUILLIAN, Judge. The defendant contends that the evidence will not support the verdict because the plaintiff's own testimony was that it was not the defendant who was attempting to pass at the time of the collision. With this contention we cannot agree. While it is true that the plaintiff's version of how the collision occurred was contrary to the conclusion reached by the jury, there was other testimony from a different source to establish his case and support the verdict. *Fowler v. Glover,* 105 Ga. App. 216 (123 SE2d 903); *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d 611).

The Encyclopedia of Georgia Law (Vol. 11, § 149, p. 391) contains an excellent discussion of the rule involved in the case sub judice: "The question as to the extent a party is bound by his own testimony has caused difficulty in the cases. It has been said to be 'one of the most troublesome questions in the law of evidence and

has been the subject of much diversity of judicial opinion.' There are many Georgia cases and some of them do raise questions, but the rule seems clear. The testimony of the party is only evidence and the party may introduce evidence to contradict his own testimony. The difficulty comes from the statement found in a number of cases to the effect that a party is 'not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him.' This statement comes from an early case where the court added to the statement, 'in the absence of information from other sources.' [*W. & A. R. Co. v. Evans*, 96 Ga. 481, 485 (23 SE 494).] The failure to add this clause distorts the meaning of the statement. In a proper case, the court generally has added the clause, but the use of the statement without the added clause could cause confusion. The danger is that a court might misconstrue the rule and say that a party could not introduce evidence to contradict his own testimony."

The overruling of the motion for a directed verdict was not error.

> *Judgment affirmed. Bell, C. J., and Whitman, J., concur.*