45660.   FUELS, INC. v. RUTLAND.

EVANS, Judge. Rutland, as the plaintiff, filed suit against Fuels, Inc., as defendant, in the Superior Court of Cobb County, for *personal injuries and property damage arising out of a collision* occurring between the plaintiff and an agent and employee of the defendant on a public highway, resulting from the negligent acts of the employee in driving a motor vehicle into and against the front of plaintiff's vehicle. The case proceeded to

trial and resulted in a verdict and judgment in favor of the plaintiff. The defendant filed a motion for new trial, which was duly amended, thereafter heard and overruled. The defendant appeals from the verdict and judgment against it, and from the order of the court denying its motion for new trial as amended. The errors enumerated are, in substance, the same as the assignments of error contained in its motion for new trial as amended, and are that the trial court erred: (1) In denying a motion by counsel for the defendant to strike the hypothetical question and answer given by an expert witness; (2) In submitting to the jury in its charge the question of damages to plaintiff's automobile; (3) In failing to charge a timely written request regarding the negligence of the plaintiff; (4) In failing to charge a timely written request regarding contradictory testimony; (5) In failing to charge a timely written request regarding neutralizing testimony; and (6) In denying each and every ground of its amended motion for new trial, including the general grounds which contended that the evidence was insufficient to support the verdict. *Held:*

1. After much colloquy and objection by counsel, the following hypothetical question, in substance, was asked of the expert witness: Based upon the facts testified to by an expert witness, a State trooper, that "knowing the positions of the vehicles on the roadway after the collision" (both the fronts of the vehicles being three feet from the south shoulder of the road in the south lane, sitting at an angle "from debris and everything in the road," two or three feet apart after they hit, with the rear of both vehicles at an angle toward the north shoulder of the road both with rear wheels in the north lane), and assuming both vehicles were approaching each other from opposite directions, each traveling at approximately 45 m.p.h., and assuming the plaintiff driver proceeding westerly saw the other vehicle proceeding easterly when it was a half a car length ahead of him, turned his vehicle to the left and the driver of defendant's car proceeding easterly turned his vehicle to the right, and the two vehicles collided at the point of impact as shown on the blackboard as placed thereon by the officer, and assuming all those facts, did the State trooper have an opinion as to what

lane of traffic each vehicle was in at the time the plaintiff observed the vehicle proceeding easterly toward him? The witness answered, and gave it as his opinion that the plaintiff was on his right side of the road, and the defendant's driver was "on the left side of the road, the north side." This was that both vehicles were on the same side, and the wrong side of the road for the defendant's vehicle. While the jury might feel that the answer was incredible, nevertheless, it is for the jury to determine whether to believe or disbelieve this expert witness, and it cannot be said that the answer was based on speculation, guesses and an hypothetical question unsupported by evidence which would require its exclusion. *Code* § 38-1710; *Royal Crown Bottling Co. v. Stiles,* 82 Ga. App. 254 (5) (60 SE2d 815); *Little v. Ga. Power Co.,* 205 Ga. 51 (1) (52 SE2d 322); *Central Container Corp. v. Westbrook,* 105 Ga. App. 855 (4) (126 SE2d 264); *Bullington v. Chandler,* 110 Ga. App. 803, 804 (140 SE2d 59); *Wallace v. State,* 204 Ga. 676 (51 SE2d 395). The error enumerated as to the allowance in evidence of this hypothetical question and answer is not meritorious.

2. The pre-trial order entered in conformity to § 16 of the Civil Practice Act stated the issues as "liability and damage," and there was no mention of special problems as to ownership of the car. Further, examination of the evidence shows the plaintiff testified the car damaged in the collision was owned by him, and based upon his knowledge of trading, buying and selling cars, the fair market value of his car before the collision was $2,300, and after, $400. There was no objection to this testimony. Hence the court did not err in giving a charge on the diminution in value of the plaintiff's vehicle. We also find in the transcript an affidavit of the plaintiff's father as one of plaintiff's exhibits, stating that the automobile belonged to the son, although the bare legal title had been placed in the father because his son was under 21 years of age at the time of purchase and the father disclaimed any right, title or interest in same, and will hold Fuels, Inc. (defendant) "harmless for any further damages to said vehicle." This evidence does not establish that the legal title was in the father when it was damaged. Counsel for appellant has not, in his brief, pointed out any evi-

dence which did not authorize the charge here complained of, and we will not search the record and transcript for harmful error. The error enumerated as to the charge is not meritorious.

3. Error is enumerated as to the failure of the court to charge: "If you find that the negligence of the plaintiff was the sole cause of the *accident,* then the plaintiff is not entitled to recover." (Emphasis supplied.) The court did charge the substance of this request that if "plaintiff's injury and damage was due to plaintiff's own negligence, and not due to the negligence of the defendant's employee and agent, Ballew, then there could be no recovery for the plaintiff." Further, the words "accident" and "collision" are not interchangeable, and the charge requested is therefore not abstractly correct and might tend to confuse the jury. The court did not err in refusing to give this request. The error complaining thereof is not meritorious.

4. Error is enumerated as to a refusal of the court to give a charge regarding contradictory testimony, that is, that it would be construed most strongly against the plaintiff, and he would not be entitled to a finding in his favor if that version most unfavorable to him shows that the verdict should be against him. Counsel cites *Partain v. King,* 206 Ga. 530 (57 SE2d 617), which, in turn, cites *Davis v. Akridge,* 199 Ga. 867 (2) (36 SE2d 102). In that case we find the following: " 'The testimony of a party who offers himself as a witness in his own behalf is to be construed most strongly against him when it is self-contradictory, vague, or equivocal. *W. & A. R. Co. v. Evans,* 96 Ga. 481 (23 SE 494); *Freyermuth v. R. Co.,* 107 Ga. 32 (32 SE 668); *Ray v. Green,* 113 Ga. 920 (39 SE 470); *Farmer v. Davenport,* 118 Ga. 289 (45 SE 244). And he is not entitled to a finding in his favor if that version of his testimony the most unfavorable to him shows that the verdict should be against him. *Southern Bank v. Goette,* 108 Ga. 796 (33 SE 974).' *Southern Railway Co. v. Hobbs,* 121 Ga. 428 (49 SE 294)." However, the charge was not apt here since the plaintiff's testimony was not vague, contradictory or equivocal, but plaintiff testified on the trial that in his "opinion" the speed of the other car was 45 m.p.h. He stated in his deposition that he did not *know* what the speed was. This testimony is not contradictory since he was here

asked the information on which he based an *opinion* as to how fast the other vehicle was traveling. But plaintiff was not the sole witness in his behalf by which he sought to establish his complaint, hence this rule is not applicable. See *Western & A. R. Co. v. Mathis,* 63 Ga. App. 172, 177 (10 SE2d 457) and cases cited; also *Fowler v. Glover,* 105 Ga. App. 216, 217 (123 SE2d 903); *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d 611); *Gunter v. Willingham,* 116 Ga. App. 700 (158 SE2d 255). Plaintiff likewise testified as to facts on which the opinion of speed was given—that having been in the vehicle, "having felt the force of the collision," "having seen the other vehicle," and "having see the damage to the front of both vehicles" he formed an opinion as to the speed of the other vehicle as "running about the same speed I was," "about 45." "A witness, not qualified as an expert, may give his opinion when he also testifies as to the facts on which such opinion is based." *Gunter v. Willingham,* 116 Ga. App. 700 (1), supra. And a witness who glimpses a moving car for 10 or 15 feet may give his opinion as to speed. *Shockey v. Baker,* 212 Ga. 106 (4) (90 SE2d 654). On cross examination, his testimony in the deposition was recalled as to the testimony as to the other vehicle's estimate of speed as "I don't know. It happened so fast." This was not the same as saying he had no opinion as to the speed. But this testimony only goes to his credibility and is not contradictory of the direct testimony during the trial. Further, that version of his testimony most unfavorable to him was that he did not know the actual speed or could not estimate it, and now he gives his opinion as "about 45." This testimony does not show that the verdict should be against him. There is no merit in this complaint.

5. For the same reason as in Division 4 above, the court did not err in refusing to charge that if a party testifies to facts in one instance and also testifies that he does not know them to be true, this neutralizes his testimony and proves nothing. We do not believe a trial court is ever authorized to charge a jury in specific detail as to certain testimony neutralizing other testimony because, after all, what has been proven is solely and exclusively to be determined by the jury. A jury is not obliged

to believe the testimony of a witness in each and every instance, but in determining his credibility, may consider "all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to which they testified, the nature of the facts to which they testified, . . . and also their personal credibility so far as the same may appear from the trial." *Code* 38-107. It has been held that a jury may believe a witness in part, and disbelieve him in part. See *Sappington v. Bell,* 115 Ga. 856 (42 SE 233); *Owens v. State,* 120 Ga. 296, 303 (48 SE 21); *Campbell v. State,* 157 Ga. 233, 235 (121 SE 306); *Adams v. Adams,* 218 Ga. 67 (4) (126 SE2d 769). Thus for the trial court to have charged as requested would have been an invasion of the province of the jury. In respect to the opinion testimony as to speeds, time, and distance, it has been held many times that same is very unreliable, but, nevertheless, admissible. See *Hansberger Motor Transportation Co. v. Pate,* 51 Ga. App. 877 (2, 3) (181 SE 796); *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642, 644 (122 SE2d 483). Further, the entire testimony as given on cross examination, deposition and sworn affidavit to the insurer's agent failed to establish plaintiff's direct testimony was untrue, neutralized it, and proved nothing. Compare *Robertson v. Carroll Furn. Co.,* 54 Ga. App. 841 (189 SE 273); *Wallace v. State,* 55 Ga. App. 872, 875 (192 SE 81); *Hamby v. Hamby,* 99 Ga. App. 808, 820 (110 SE2d 133); *Dykes v. Hammock,* 116 Ga. App. 389 (1) (157 SE2d 524). Further, plaintiff here did not rely upon the testimony of a single witness. The error enumerated as to the failure to give this charge is not meritorious.

6. The evidence was sufficient to support the verdict.

7. Having considered each and every alleged error enumerated here and finding no harmful error, the

*Judgment is affirmed. Deen, J., concurs. Hall, P. J., concurs in the judgment.*

ARGUED SEPTEMBER 17, 1970—DECIDED OCTOBER 30, 1970— REHEARING DENIED NOVEMBER 30, 1970—CERT. APPLIED FOR.

*G. Robert Howard, A. Ed Lane,* for appellant.
*Marson G. Dunaway, Jr.,* for appellee.