45941. TOMPKINS v. WEST et al.

EVANS, Judge. Mary Jane West filed a complaint for damages in Fulton Superior Court, against Freight Delivery Service, Inc., and Abner J. Tompkins, alleging that she was injured in an automobile collision as a result of the negligence of the defendants. Tompkins and Freight Delivery Service both filed answers, denying, in the main, her claims. Freight Delivery Service likewise filed a counterclaim for damages, and Tompkins filed a counterclaim for personal injuries. The case came on for trial and resulted in a jury verdict for $1,000 in favor of defendant Tompkins, against the plaintiff. Judgment was also rendered in favor of defendant Freight Delivery Service against

the plaintiff as to her claims against Freight Delivery Service, but the jury did not award damages on the counterclaim. Tompkins filed a motion for new trial which was subsequently amended, heard and overruled. The appeal is from the judgment overruling the motion for new trial and from the original judgment awarding him only $1,000.

Error is enumerated in which he complains as follows: 1. The verdict of $1,000 is inadequate in that his special damages amounted to more than $7,000, and the jury awarded no substantial amount therefor, or for pain and suffering. 2. The verdict is without evidence to support it. 3. The verdict is inconsistent and illegal in that the jury having returned a verdict for defendant Tompkins, should also have returned a verdict for defendant Freight Delivery Service for some amount of damages on its counterclaim. 4. The court erred in excluding certain testimony of a medical doctor and certain testimony of a psychologist. *Held:*

1. During the trial of this case certain portions of the deposition of an expert witness, a psychologist, were excluded with reference to his opinion and evaluation drawn from tests administered by some other person. The record discloses that the defendant was referred to a psychologist for testing and evaluation of certain of his complaints of pain and suffering. The psychologist testified that he had no personal contact with the plaintiff, but that he required one of his graduate students, who held a master's degree, to give him a number of tests. The deposition of the graduate student, who qualified as an expert in his field, testified that he gave the various written tests to the defendant, and the psychologist "filled out the profile" as to one of the tests, that is, he evaluated the results. The graduate student testified that one of the tests was not completed by the defendant, and defendant was allowed to take same home to finish and mail back to him. The defendant testified that he took the test according to instructions, received no help, and completed and mailed it to the graduate student. The testimony of Dr. Craddock, the psychologist, as to his evaluation of the results of the tests, was excluded as hearsay upon objection that he never personally saw Tompkins and that part of one

test among all of the tests on which witness arrived at his conclusion was carried out under the supervision of nobody. The testimony excluded was hypothetical in nature as well as factual. There was ample evidence in the record to authorize the expert testimony of the psychologist evaluating the tests. *Code* § 38-1710; *Yates v. State,* 127 Ga. 813, 817 (56 SE 1017, 9 AC 620); *Wallace v. State,* 204 Ga. 676, 689 (51 SE2d 395); *Little v. Ga. Power Co.,* 205 Ga. 51 (1) (52 SE2d 322); *Central Container Corp. v. Westbrook,* 105 Ga. App. 855, 860 (126 SE2d 264). The court erred in excluding this testimony.

2. Since a new trial will be necessary, and on the new trial the evidence may not be the same, it is unnecessary to rule upon whether or not the award of $1,000 was inadequate under the evidence present at this trial. Accordingly, none of the grounds of complaint as to the sufficiency of the evidence will be considered.

3. The fact that no money judgment was returned for the servant's master on its counterclaim would not have any bearing upon the appeal of the servant. The master has not appealed. A judgment *was* returned in favor of the master, since no damages were awarded to the plaintiff. Since the jury's finding against the plaintiff and in favor of the defendant-master, without a finding of any monetary damage, reflects no harmful error in the judgment returned for the defendant-servant, whose main thrust on appeal is that the judgment in *his* favor is inadequate, we find no merit in the complaint that this finding resulted in harm to him. Rather, it is mere argument that the jury may have been prejudiced. There is no merit in this complaint.

4. The testimony of the medical doctor as to the findings of the psychologist, to whom he had referred the patient for testing, was hearsay, and inadmissible; and the court did not err in excluding it. As to the testimony in regard to the damage to the back brace in the collision which was not seen by the doctor and the history of the patient's complaints as reported by him to his doctor, they were also inadmissible and the court did not err in excluding them. Of course, there are instances where reports of pain and symptoms are admissible for certain specific

purposes, as are noted in the cases of *Atlanta K. & N. R. Co. v. Gardner*, 122 Ga. 82 (11) (49 SE 818); *Eason v. Crews*, 88 Ga. App. 602, 614 (77 SE2d 245); *Wolfson v. Rumble*, 121 Ga. App. 549 (1) (174 SE2d 469), but it was not sought to have the testimony admitted for such purposes as are laid down in the exceptions above provided for. None of the grounds of error complaining of the exclusion of the above is meritorious.

*Judgment reversed. Jordan, P. J., and Quillian, J., concur.*

ARGUED FEBRUARY 2, 1971—DECIDED FEBRUARY 22, 1971— REHEARING DENIED MARCH 11, 1971.

*William R. Parker,* for appellant.
*Lokey & Bowden, Glenn Frick,* for appellees.